IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

TIMOTHY J. FREELAND,

Defendant.                                              No. 10-30124-DRH

### ORDER

**HERNDON, Chief Judge:**

Before the Court is Defendant Timothy Freeland's Motion to Continue Trial (Doc. 18). Specifically, Defendant Freeland requests that the trial currently scheduled for September 21, 2010 be continued as Defendant needs additional time to review discovery and conduct investigations in this case. Further, Defendant states that the parties are continuing in plea negotiations and hope to resolve this matter. The Government has no objection to the motion. Based on the reasons in the motion, the Court finds that additional time is needed so that Defendant may conduct additional discovery and further pursue plea negotiations. Further, the Court finds that pursuant to **18 U.S.C. § 3161(h)(7)(A)**, the ends of justice served by the granting of such a continuance outweigh the best interests of the public and Defendant in a speedy trial. To force a defendant to trial without adequate time to prepare would constitute a miscarriage of justice. Further, the force a defendant to trial on a case that appears to have a potential to resolve amicably would also

constitute a miscarriage of justice.

Accordingly, the Court **GRANTS** Defendant's motion to continue trial (Doc. 18).  The Court **CONTINUES** the trial currently scheduled for September 21, 2010 until **October 12, 2010 at 9:00 a.m.**  The time from the date this motion was filed, September 8, 2010 until the time on which the trial is rescheduled, October 12, 2010, is excludable for purposes of a speedy trial.

In continuing the trial, the Court also notes that Defendant Freeland was previously given twenty-one (21) days from the date of his arraignment in which to file pre-trial motions and complete discovery.  According to a recent Supreme Court decision, ***Bloate v. United States*, 130 S. Ct.1345 (2010)**, delays resulting from pre-trial motion preparation are not automatically excludable under **18 U.S.C. § 3161 (h)(1)**, but require case-specific findings under **18 U.S.C. § 3161(h)(7)**.  ***See Bloate*, 130 S.Ct. at 1352**.  In light of the recent decision, the Court finds that the time granted to Defendant for preparation of pretrial motions and discovery was also excludable under **18 U.S.C. § 3161(h)(7)(A)** as the ends of justice served by the granting of such a continuance outweighed the best interests of the public and Defendant in a speedy trial.  To force a Defendant to trial without adequate time to prepare would have constituted a miscarriage of justice.  Therefore, for purposes of the Order issued July 22, 2010, granting Defendant twenty-one (21) days in which to complete discovery and file pre-trial motions (Doc. 10), the Court notes that the time from the arraignment, July 22, 2010, until the date on which the twenty-one

days expired, August 12, 2010, is excludable time for the purposes of speedy trial.

Should either party believe that a witness will be required to travel on the Justice Prisoner and Alien Transportation System (JPATS) in order to testify at the trial of this case, a writ should be requested at least two months in advance.

**IT IS SO ORDERED.**

Signed this 8th day of September, 2010.

/s/     David R Herndon

**Chief Judge
United States District Court**