IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:10-cr-30124-DWD |
| | ) |
| TIMOTHY J. FREELAND, | ) |
| | ) |
| Defendant. | ) |

## ORDER GRANTING
## THE EARLY TERMINATION OF SUPERVISED RELEASE

**DUGAN, District Judge:**

Before the Court is Defendant's *pro se* Motion and Supplement in Support of the Early Termination of Supervised Release. (Docs. 44 & 46). The Motion is **GRANTED**.

On July 21, 2010, Defendant was charged with one count of possession of child pornography under 18 U.S.C. § 2252(a)(4)(B). (Doc. 1). He later pled guilty to that charge. (Doc. 23). On February 4, 2011, District Judge David R. Herndon sentenced Defendant to 97 months of imprisonment and 120 months of supervised release. (Docs. 37, 39, 41).

Defendant was released from custody on February 15, 2018. (Doc. 49, pgs. 2-3). On January 21, 2025, Defendant filed his *pro se* Motion for the Early Termination of Supervised Release, stating: "I am writing this letter to ask for early release of probation. Please allow a lawyer from the public defenders [sic] office to go over my case and consider an early release for me." (Doc. 44). Thereafter, the Court ordered as follows:

> Now, initially, the Court notes that Defendant is not entitled to a lawyer in relation to the instant Motion. *See* Fed. R. Civ. P. 32.1(c) ("Before modifying the conditions of probation or supervised release, the court must hold a

1

>hearing, at which the person has the right to counsel and an opportunity to make a statement and present any information in mitigation…. A hearing is not required if…the person waives the hearing; or…*the relief sought is favorable to the person and does not extend the term of probation or of supervised release*; and…an attorney for the government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so.") (Emphasis added.); *Resendez v. Smith*, 692 F.3d 623, 626 (7th Cir. 2012) (noting a criminal defendant enjoys a right to counsel only through a first appeal as of right, after which that right does not apply); *Kitchen v. U.S.*, 227 F.3d 1014, 1018-19 (7th Cir. 2000) (stating this rule and noting "there is no constitutional right to counsel in collateral proceedings"). Further, Defendant has not presented sufficient information for the Court to resolve his request. Accordingly, on or before February 27, 2025, Defendant is **DIRECTED** to file a Supplement to his Motion for the Early Termination of Supervised Relief under 28 U.S.C. § 3583(e)(1) ("The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)…terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.").

(Doc. 45).

Defendant timely filed his Supplement on February 21, 2025. (Doc. 46). He stated as follows: "I have completed the sex offender treatment program on Dec. 19, 2022. I have held down jobs my first job was Belleville Boot Company from April 2018 till July of 2024 and I am currently working at Red Lobster Restaurant since September of 2023. I have been maintaining a household by myself since 2019." (Doc. 46).

In its Response, the Government states it does not oppose the early termination of supervised release. (Doc. 49, generally). The Government notes Defendant has served more than one year of supervision, and he abided by its terms. (Doc. 49, pg. 1). Similarly, the United States Probation Office ("USPO") notes he began sex offender treatment in

April 2018, completed sex offender treatment in December 2022, did not necessitate the completion of violation reports, had good communication with the USPO, worked fulltime, maintained stable housing, and was supported by his parents. (Doc. 49, pg. 2). Aside from family, however, Defendant has no "prosocial network." (Doc. 49, pg. 2).

It is worthy of note that at the time of Defendant's sentencing, Judge Herndon indicated that Defendant may well be a low risk for recidivism, and imposed a term of only 10 years of supervised release when he could have imposed a much lengthier period of time, up to life. This suggests that Judge Herndon may have well believed that the Defendant was a low risk of recidivism and, as far as the record reflects, such a belief proved to have some validity in that the Defendant has been compliant without incident since release from confinement.

Now, Defendant's Motion is governed by § 3583(e)(1), which states the Court may, after considering a number of factors, "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release…if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." While Federal Rule of Criminal Procedure 32.1 ordinarily requires a hearing before a term of supervised release may be modified, no hearing is necessary if the relief sought is (1) favorable to Defendant and does not extend the term of probation or supervised release, and (2) the Government has received notice and a reasonable opportunity to object to the action. *See* Fed. R. Crim. P. 32.1(c)(2).

Here, the Court **FINDS** the above requirements are satisfied, such that a hearing is not required. *See id*. The Court **FURTHER FINDS**, under § 3583(e)(1), Defendant has

3

completed more than a year of supervised release. *See* 28 U.S.C. § 3583(e)(1). The early termination of Defendant's supervised release is also warranted and in the interests of justice, as it appears he is unlikely to benefit from further supervision. *See id*. Therefore, considering the factors set forth in 28 U.S.C. § 3553(a), the Court **GRANTS** the Motion and **ORDERS** the termination of Defendant's supervised release, effective immediately.

**SO ORDERED.**

Dated: April 25, 2025

*s/ David W. Dugan*
DAVID W. DUGAN
United States District Judge